UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| THOMAS CONSOLIDATED ) | |
| INDUSTRIES, INC., ) | |
| ) | 04 CV 6185 |
| Debtor. ) | |
| ) | Judge George M. Marovich |
| LOUIS W. LEVIT, as Trustee of the ) | |
| Estate of Thomas Consolidated Industries, ) | |
| ) | |
| Plaintiff–Appellant, ) | |
| ) | |
| v. ) | *Appeal from the United States* |
| ) | *Bankruptcy Court for the* |
| JUERGEN HERBST, TRUDY HERBST, ) | *Northern District of Illinois* |
| STANDARD DIE MOLD OF PALATINE, ) | |
| GERALD L. McCULLOUGH, ALLEN J. ) | *01 A 174* |
| HERBST, ERICH F. HERBST, ED COGANA, ) | |
| PHOENIX DIE AND MOLD CO. OF ) | *Honorable Bruce W. Black, presiding* |
| GLENVIEW, 60 MARTIN LANE ) | |
| PARTNERSHIP, FRED POLLAK, BURTON ) | |
| STEIN AND NATIONWIDE INDUSTRIES, ) | |
| ) | |
| Defendants–Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 158(a), plaintiff-appellant Louis Levit (as Trustee for Thomas Consolidated Industries, Inc.) (the "Trustee") appeals two orders of the bankruptcy court. First, on March 8, 2004, Judge Black granted a motion to compel filed by defendants Juergen Herbst, Trudy Herbst, Standard Die Mold of Palatine, Gerald L. McCullough, Allen J. Herbst and Erich Herbst (collectively, the "Herbst defendants"). Also on March 8, 2004, Judge Black granted a motion to compel filed by defendants Ed Cogana and Fred Pollak (collectively, the "Cogana defendants"). Second, on August 5, 2004, Judge Black granted the defendants' motions for discovery sanctions and dismissed the Trustee's claims. Judge Black dismissed the Trustee's

claims as a sanction for violating the bankruptcy court's discovery order and for being dishonest with the court. The Trustee filed a notice of appeal. For the reasons set out below, the Court affirms the decision of the bankruptcy court.

I.  **Background**

In this appeal, the Trustee challenges the bankruptcy court's rulings on motions to compel and on motions for sanctions. Two sets of defendants, the Herbst defendants and the Cogana defendants, filed both (a) motions to compel and (b) motions for sanctions.

On September 5, 2003, the Herbst defendants served the Trustee with their first set of document requests and first set of interrogatories. On September 25, 2003, the Trustee made available for inspection several file cabinets that contained documents. The Trustee did not identify which documents were responsive to each document request. On October 29, 2003, the Herbst defendants served the Trustee with their second set of document requests and their second set of interrogatories. Despite several inquiries by counsel for the Herbst defendants, the Trustee did not serve written answers to the documents requests. On January 12, 2004, the Trustee served answers to the Herbst defendants' first and second sets of interrogatories.

Unsatisfied with the Trustee's responses to their discovery requests, the Herbst defendants filed a motion to compel. In their motion, the Herbst defendants argued that the Trustee had not met his discovery obligations with respect to their document requests because he had failed to provide written responses and had failed to make it clear which documents were responsive to each request. The Herbst defendants also argued that the Trustee's responses to the interrogatories were inadequate. Specifically, in several interrogatories, the Herbst defendants asked the Trustee to state the facts supporting particular complaint allegations. For example, Interrogatory No. 13 reads:

> With respect to the allegations in the Plaintiff's Complaint at Count II, paragraph 47(H) that "Jay has breached the Employment Agreement in that he has . . . Incurred expenses which he has charged to Consolidated but which are far beyond any reasonable expenses contemplated by his Employment Agreement," state each and every fact upon which Plaintiff bases these allegations and identify all documents which Plaintiff contends support these allegations.

(Herbst Defendants' First Set of Interrogatories at 8). In response, the Trustee answered:

> Plaintiff cannot state 'every fact: at this stage of the proceedings and is not obligated to prepare the case of the defendants for trial. Plaintiff relies upon FRCP 33(d), the depositions of Robert C. Thomas, Juergen Herbst, Ed Cogana, Fred Pollak, the witnesses referred to in these depositions, the documents produced by these parties, the documents attached to these depositions and the documents which defendants had the opportunity to inspect and copy on September 25, 2003.

(The Trustee's Response to Herbst defendants' First Set of Interrogatories at 5).[1] The Trustee's response to this interrogatory is nearly identical to his response to the rest of the Herbst defendants' first set of interrogatories. In response to several of the interrogatories in the Herbst defendants' second set of interrogatories (which sought, among other things, damages calculations, witness names and exhibits that would be used at trial), the Trustee stated that the information had been available for inspection on September 25, 2003.

In response to the Herbst defendants' motion to compel, the Trustee argued that he had allowed inspection of documents on September 25, 2003 at a location which was "neat, clean and well-lighted" with a table "in a convenient place." The Trustee also argued that the Herbst defendants' requests for documents supporting the allegations in the complaint was "an attempt to oppress and cause expense to Plaintiff, to have Plaintiff prepare their case for them and to improperly gain insight into Plaintiff's lawyers' preparation for the case."

---

[1]The Robert C. Thomas who testified on behalf of Thomas Consolidated Industries and the Trustee is the same Robert C. Thomas who represents the Trustee in this appeal (and who represented the Trustee before the bankruptcy court).

-3-

The Cogana defendants also served discovery requests. On August 19, 2003, defendant Fred Pollak served his first set of interrogatories on plaintiff, and defendant Ed Cogana served his first set of interrogatories. The Cogana defendants received responses to their interrogatories on or about January 19, 2004 (i.e., about five months after the discovery was served).

In response to an interrogatory asking plaintiff to identify individuals with knowledge of allegations in the Trustee's complaint, the Trustee responded:

> Plaintiff does not have knowledge of 'everybody who has knowledge, in whole or in part, of the allegations of the complaint, and is not obligated to prepare the case of the defendants for trial. Plaintiff relies on FRCP 33(d), the depositions of Robert C. Thomas, Juergen Herbst, Ed Cogana, Fred Pollak, the witnesses referred to in these depositions, the documents produced by these parties, the documents attached to these depositions and the documents inspected, which defendants had the opportunity to inspect and copy on September 25, 2003.

(The Trustee's Response to Pollak's First Set of Interrogatories at 1; The Trustee's Response to Cogana's First Set of Interrogatories at 1). In Pollak's Interrogatory Nos. 4-21 and Cogana's Interrogatory Nos. 4-16, they asked the Trustee to "state each and every fact upon which" particular complaint allegations were based. In response to each of these interrogatories (except those that the Trustee objected to as duplicative of another interrogatory), the Trustee responded:

> Plaintiff cannot state 'every fact: at this stage of the proceedings and is not obligated to prepare the case of the defendants for trial. Plaintiff relies upon FRCP 33(d), the depositions of Robert C. Thomas, Juergen Herbst, Ed Cogana, Fred Pollak, the witnesses referred to in these depositions, the documents produced by these parties, the documents attached to these depositions and the documents inspected, which defendants had the opportunity to inspect and copy on September 25, 2003.

(The Trustee's Response to Pollak's First Set of Interrogatories at 2-4; The Trustee's Response to Cogana's First Set of Interrogatories at 2-9). The Cogana defendants deemed the Trustee's responses insufficient, and they, too, filed a motion to compel.

In response to the Cogana defendants' motion to compel, the Trustee argued that he had sufficiently complied with his discovery obligations as to the document requests when he made documents available for inspection on September 25, 2003. With respect to the interrogatories, the Trustee argued that the interrogatories seeking the factual basis of the allegations in his complaint were "an attempt to oppress and cause expense to Plaintiff, to have Plaintiff prepare their case for them and to improperly gain insight into Plaintiff's lawyers' preparation of the case, thereby violating the attorney work product privilege."

On March 8, 2004, the bankruptcy court held a hearing on the parties' motions to compel and granted both the Herbst defendants' motion to compel and the Cogana defendants' motion to compel. The bankruptcy court explained his reasoning to the Trustee's counsel:

> Mr. Fedinets is absolutely right in his motion and you are absolutely wrong. If someone were suing Ford Motor Company on the design of an automobile, Ford Motor Company couldn't respond to a request for documents by saying, here, look at all our documents. I think you can see the relevance and impossibility in that. . . . Similarly, you can't just say here are all the documents I've got, take a look through them. . . . That's not sufficient. You have to identify what documents you think support the allegations of fact that you have made. That's not preparing the defendants' case for them, that's substantiating your own case. And so far you haven't done that.

(Transcript of March 8, 2004 hearing at 22). With respect to the Herbst defendants' motion to compel, the court explicitly granted six of the seven requests the Herbst defendants set out in their motion. Specifically, the court granted the Herbst defendants' request for an order: (a) compelling plaintiff to respond in writing to the Herbst defendants' first and second requests to produce documents; (b) compelling plaintiff to produce the documents responsive to the Herbst defendants' first and second requests to produce documents; (c) compelling plaintiff to label, categorize, or otherwise identify which of the documents being produced were responsive to each of the Herbst defendants' first and second requests to produce documents; (d) striking plaintiff's January 12, 2004 responses to the Herbst defendants' discovery requests; (e) compelling plaintiff

to answer fully each interrogatory in the Herbst defendants' first and second set of interrogatories; and (f) barring plaintiff's objections to the Herbst defendants' first and second requests to produce documents and the Herbst defendants' first or second set of interrogatories. (Transcript of March 8, 2004 hearing at 25). Judge Black denied the Herbst defendants' request for attorneys' fees. *Id.*

In addition, at the March 8, 2004 hearing, Judge Black warned the Trustee's counsel about the importance of compliance with the order and procedural rules:

> But I want to make it clear, Mr. Thomas, that you simply have to do a better job of complying with the procedural requirements. When I order you to do something by a particular date, when it's filing something, the only safe way that you can prove you complied with the order is to have a file stamped copy of the document that was supposed to be filed. And that way if the court's electronic docket is wrong, I know it's a problem in the clerk's office and not your problem, but when you simply say that you mailed something and it never arrived, that's not sufficient. I think this case is important to you. You have spent a lot of time on it, and you simply have to comply with the orders or you will never get to a trial.

(Transcript of March 8, 2004 hearing at 26).

After granting the motions to compel, Judge Black asked the Trustee's counsel how much time he needed to respond to the discovery. The Trustee's counsel stated, "These are pretty comprehensive discovery requests, Judge. I would think 45 days." Judge Black gave plaintiff 53 days (until April 30, 2004) to comply with the discovery order. The Trustee's counsel added, "I would like to state to the court, Your Honor, I will absolutely hand-deliver everything in the future." (Transcript of March 8, 2004 hearing at 27).

The parties were before the bankruptcy court again for a status hearing on April 14, 2004. At that time, the Trustee's counsel did not seek any additional time to comply with the March 8, 2004 order.

By Monday May 10, 2004, the Herbst defendants and the Cogana defendants had not received the discovery responses which the bankruptcy court had compelled the Trustee to serve

-6-

on or before Friday April 30, 2004. On May 10, 2004, the Herbst defendants filed a motion for sanctions, in which motion they requested that the Trustee's claims be dismissed. The Herbst defendants noticed the motion for a hearing before Judge Black on May 13, 2004. The Herbst defendants served their motion on the Trustee and the other defendants by facsimile and United States mail.

On May 12, 2004, the Herbst defendants and the Cogana defendants received from the Trustee new responses to their discovery requests. The certificates of service (which were signed by the Trustee's attorney) for the Trustee's discovery responses stated that the discovery responses were served "this 7th day of May, 2004 to the Service List attached hereto, by U.S. Mail, postage prepaid." In fact, the responses were served not by mail but by UPS. The UPS tracking form for the UPS package delivered to the Herbst defendants on May 12 stated that the package was tendered to UPS on May 11, 2004, that it was sent next day air and that it was delivered on May 12, 2004 at 9:37 a.m. In a subsequent pleading, counsel for the Trustee stated that he tendered the responses to UPS on May 7, 2004.

On May 13, 2004, the parties were before Judge Black for the hearing on the sanctions motion. Counsel for the Herbst defendants stated that she had received (the day before) responses to the discovery requests and that she did not believe the responses complied with the court's March 8, 2004 order. Counsel for the Cogana defendants stated that he, too, had received discovery responses the day before and that he supported the Herbst defendants' motion for sanctions. The Court granted the Herbst defendants time to supplement their motion for sanctions, the Cogana defendants time to file a motion for sanctions and the Trustee time to respond.

The Trustee's amended discovery responses suffered some of the same problems as the initial responses. In answer to several of the Herbst defendants' interrogatories seeking facts supporting allegations in the Trustee's complaint, the Trustee once again answered:

> Plaintiff cannot state 'every fact: at this stage of the proceedings and is not obligated to prepare the case of the defendants for trial. Plaintiff relies upon FRCP 33(d), the depositions of Robert C. Thomas, Juergen Herbst, Ed Cogana, Fred Pollak, the witnesses referred to in these depositions, the documents produced by these parties, the documents attached to these depositions and the documents inspected which defendants had the opportunity to inspect and copy on September 25, 2004.

One of the interrogatories served by the Cogana defendants stated:

> With respect to the allegations in the Plaintiff's Complaint at paragraph 39 that "[t]he actions of these defendants were intentional, willful and wanton," state each and every fact upon which Plaintiff bases those assertions and identify all documents which Plaintiff contends support these contentions.

The Trustee responded, "The evidence will show that the documents discovered in this case and the actions of these defendants were knowing and willing and wanton." In response to an interrogatory seeking damages information, the Trustee stated, "Testimonial evidence has not been heard by the trier of fact and the amount of damages is within the province of the trier of fact and not the Plaintiff." Many of the Trustee's other responses were similarly non-responsive.

After the parties had briefed the defendants' motions for sanctions, Judge Black announced his decision in court on August 5, 2004. First, Judge Black reminded the Trustee's counsel about the comments the court and the Trustee's counsel had made at the March 8, 2004 hearing. Judge Black continued:

> Now, in my view, you had two viable options when April 30th came around: You could file your notice of compliance with discovery, or even file the discovery itself in the clerk's office, or you could have moved to extend the deadline. You didn't do either one of those things. What appears from the record is that you sent off your responses to discovery via UPS on May 11[th] and lied about it when you did it. Now lie is a strong word and I use it here advisedly. At the very least, you had asserted contradictory positions.

-8-

In the certificate of service, which is Exhibit G to the Cogana and Pollak motion for sanctions filed May 27, 2004, you certified that you served your responses on May 7, 2004, quote, "by U.S. mail postage prepaid" and what appears to be your signature is on that certificate of service. So at one time you said U.S. mail. In paragraph 21 of your combined response to the defendants' motions for sanctions, you assert that you delivered your responses to, quote, "a UPS store," unquote, on May 7, 2004. So those two statements are contradictory and significantly in conflict. Moreover, the UPS tracking report attached to the Herbst defendants amended motion for sanctions filed June 16, 2004 appears to show that you delivered the packages to UPS on May 11th as opposed to May 7th.

And, Mr. Thomas, I find your conduct deplorable and, in light of my admonitions to you on March 8th about the importance of complying, your conduct fully justifies the sanction of dismissal. But even beyond that, the substance of your responses was totally inadequate. Based on your responses, I must conclude that you have no facts to support the allegations in your complaint, or that you simply don't understand the purpose and function of pretrial discovery.

In either event, your conduct of this lawsuit has amounted to continuing harassment of these defendants which has gone on too long. I am granting both motions for sanctions, and the second amended complaint is dismissed with prejudice.

(Transcript of August 5, 2004 hearing at 4-5).

The Trustee timely filed a notice of appeal. The Trustee appeals both the March 8, 2004 grant of the motions to compel and the August 5, 2004 sanctions order.

## II. Standard of Review

When reviewing a decision of the bankruptcy court, the court reviews factual findings for clear error. *Golant v. Levy*, 239 F.3d 931, 936 (7th Cir. 2001). A court's decision on a motion to compel is reviewed for abuse of discretion. *Bilow v. Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C.*, 277 F.3d 882, 895 (7th Cir. 2001). The bankruptcy court's sanctions decision is also reviewed for abuse of discretion. *Golant*, 239 F.3d at 937.

## III. Discussion

### A. Judge Black did not abuse his discretion in granting the motion to compel.

Rules 7026 to 7037 of the Bankruptcy Rules adopt Rules 26 through 37, respectively, of the Federal Rules of Civil Procedure. Under the Federal Rules, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." (Fed. R. Civ. P. 26(b)(1)). The discovery rules allow the parties "to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 389 (1947). The Supreme Court has explained that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman*, 329 U.S. at 507, 67 S.Ct. at 392. The rules allow decisions on the merits, as opposed to litigation by surprise.

The discovery rules, however, have limits. Rule 26(c), for example, allows courts to protect parties from discovery requests that are *unduly* burdensome. In addition, documents and things prepared in anticipation of litigation are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

The Trustee relies on these two exceptions in arguing that Judge Black abused his discretion when he granted the defendants' motions to compel. First, the Trustee argues that the interrogatories were unduly burdensome in that they sought to have the plaintiff prepare defendants' case for them. Second, the Trustee argues that to prepare defendants' case for them would violate the work product doctrine. These arguments–in light of the particular discovery requests at issue–make clear that the Trustee fundamentally misunderstands the purpose and scope of discovery under the Federal Rules of Civil Procedure.

1. *The discovery requests at issue are not unduly burdensome.*

The Trustee does not state which interrogatories and document requests he believes are unduly burdensome nor does he explain how particular discovery requests are unduly burdensome.[2] The Court has reviewed defendants' discovery requests and finds nothing unduly burdensome about them. Most of the defendants' interrogatories ask for the facts supporting complaint allegations in the Trustee's complaint. Asking a party to set out its factual support for allegations it included in its own complaint is not unduly burdensome. Nor was there anything unduly burdensome about the rest of the discovery requests, which sought such information as witnesses and damages calculations. These are precisely the types of requests every litigant in federal court should expect to answer.

2. *The information requested is not protected from disclosure by the work product doctrine.*

Next, the Trustee argues that he should not have been compelled to respond further to defendants' discovery requests because to do so would have meant plaintiff was preparing defendants' cases for them in what he asserts would have been a violation of the work product doctrine. The work product doctrine, however, "does not mean that any material, non-privileged facts can be hidden from" the other parties. *Hickman*, 329 U.S. at 513, 67 S.Ct. at 395. Neither the attorney-client privilege nor the work product doctrine protects the *underlying facts* from disclosure. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677, 685 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the

---

[2]The Court also notes that because the Trustee did not include this objection in his responses to the interrogatories and because he did not respond to the document requests in writing before the deadline (or at all before the bankruptcy court entered an order compelling a response), the objection is waived. (Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b); *Jones v. Ada S. McKinley Community Services*, Case No. 89 C 0319, 1989 WL 152352 at *4 (N.D. Ill. Nov. 28, 1989)).

underlying facts by those who communicated with the attorney."); *Computer Assoc. Int'l, Inc. v. Quest Software, Inc.*, Case No. 02 C 4721, 2003 WL 22159022 at *1 (N.D. Ill. Sept. 17, 2003) ("Plaintiff cannot use the work product privilege to protect the underlying facts in the dispute from being discovered."). The discovery requests these defendants propounded sought facts, and the Trustee's resort to the work product doctrine was improper.

        *3.      The Trustee did not adequately respond to the discovery requests.*

Finally, the Trustee argues that he adequately responded to the discovery requests when he made available for inspection and copying several file cabinets containing documents. This response was insufficient for a number of reasons. First, Rule 34(b) requires a written response to document requests, and the Trustee failed to serve a written response before Judge Black granted the motion to compel. Second, although the Federal Rules allow the Trustee to produce the documents as they are kept in the ordinary course of business, he remained obligated to sort through the documents himself and then produce *only* those responsive to the document requests. *Rothman v. Emory Univ.*, 123 F.3d 446, 455 (7th Cir. 1997) (affirming sanctions against party who had "rebuffed his obligation to sort through the documents and produce only those responsive to [defendant's] requests."). It was insufficient for the plaintiff merely to provide defendants access to sort through plaintiff's documents in search of documents responsive to their document requests.

Third, the Trustee could not avail himself of the Rule 33(d) option of producing business records. The Trustee seems to believe that Rule 33(d) means that anytime a party receives an interrogatory, he is excused from answering it if he supplies vast quantities of documents which may or may not include the answer to the interrogatory. Rule 33(d) is far stricter:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a

> compilation, abstract or summary thereof, *and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served,* it is sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. *A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.*

(Fed. R. Civ. P. 33(d) (emphasis added)). The Trustee failed to make any showing that the interrogatories at issue were amenable to derivation by business record and failed to establish that the burden of deriving the answer was substantially the same for defendants as it was for him. Furthermore, the Trustee failed to specify the documents in sufficient detail. Perhaps some grey area exists as to the level of specificity demanded by Rule 33(d), but it is clear that pointing to several file cabinets in response to dozens of interrogatories does not suffice.

The bankruptcy court did not abuse its discretion in granting defendants' motions to compel.

### B. Judge Black did not abuse his discretion in sanctioning the Trustee.

When parties fail to comply with the discovery rules or, worse still, fail to comply with court orders compelling discovery, it becomes difficult (and in some cases impossible) to adjudicate cases on the merits. Thus, the Federal Rules of Civil Procedure allow courts to enter orders compelling disclosure and sanctioning parties who fail to comply with such court orders.

Rule 37(a) of the Federal Rules of Civil Procedure allows courts to enter orders compelling parties to comply with discovery requests. Rule 37(b)(2) provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . *the court in which the action is pending may make such orders in regard to the failure as are just,* and among others the following:
>
> \* \* \*

-13-

> (C) An order striking out pleadings or parts thereof, or staying further
> proceedings until the order is obeyed, or dismissing the action or proceeding or
> any part thereof, or rendering a judgment by default against the disobedient party;

(Fed. R. Civ. P. 37(b)(2) (emphasis added)).

Under the abuse of discretion standard of review, "an appellant faces an uphill battle in seeking to reverse an award of sanctions." *Golant*, 239 F.3d at 937 (quoting *Langley v. Union Elec. Co.*, 107 F.3d 510, 513 (7th Cir. 1997)). A reviewing court "uphold[s] any exercise of the [lower court's] discretion that could be considered reasonable, even if we might have resolved the questions differently." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Generally, dismissal is an appropriate discovery sanction where a court finds clear and convincing evidence of willfulness, bad faith or fault. *Maynard*, 332 F.3d at 468. In the absence of a record of "delay, contumacious conduct or prior failed sanctions," a court must explain why a lesser sanction would be inappropriate. *Maynard*, 332 F.3d at 468. The lower court need not have made these findings explicitly (although it is preferred). *Golant*, 239 F.3d at 936.

    *1. The facts upon which Judge Black relied were not clearly erroneous.*

The facts upon which the bankruptcy court relied when granting the motions for sanctions were not clearly erroneous.

The Trustee first challenges the existence of a court order granting the Herbst defendants' motion to compel (because Rule 37 does not provide for sanctions unless and until one has violated a court order). The Trustee argues that the bankruptcy court did not enter an order granting the Herbst defendants' motion to compel until the order was reflected on the court's docketing system on May 10, 2004. This argument is shocking and disturbing. On March 8, 2004, Judge Black stated in open court that he was granting the Herbst defendants' motion to compel and also explicitly granted the relief requested in paragraphs (a) through (f) of the Herbst defendants' motion to compel. That was a court order with which the Trustee was bound to

comply. That the court's docket system did not reflect the order until May 10, 2005 does not negate its existence.

The Trustee next argues that his discovery responses were complete, and, hence, he did not violate the order compelling discovery responses. Here, too, the bankruptcy court was not clearly erroneous in concluding that the Trustee's new responses were inadequate. In response to several interrogatories seeking facts supporting complaint allegations, the Trustee provided the same non-responsive answer the court had already rejected. This was a blatant violation of the court's order. In addition, several answers the Trustee changed were still wholly inadequate. In response to an interrogatory seeking damages information, the Trustee responded, "Testimonial evidence has not been heard by the trier of fact and the amount of damages is within the province of the trier of fact and not the Plaintiff." The fact that a party's damages calculation may not ultimately be accepted by a trier of fact does not excuse a party from responding to a discovery request seeking that information. In other responses, instead of listing the requested facts, the Trustee merely rephrased the allegation and referred the defendants to documents they reviewed on September 25, 2003–a practice which had already resulted in a court order compelling complete responses. The Trustee failed to comply with the court's order compelling discovery responses.

The Trustee, however, argues that his responses were sufficient because any additional responses would mean he was preparing defendants' cases for them in violation of the work product doctrine. Thus, in attempting to show that he complied with the court order, the Trustee uses the same argument that the court rejected when it issued the order compelling the Trustee to answer completely the discovery requests. Once the Trustee was under a court order compelling complete responses to defendants' discovery requests, the Trustee could not continue to stand on the objections the bankruptcy judge had rejected in granting the motion to compel. To do so is to

ignore the court's order. The bankruptcy court was not clearly erroneous in concluding that the Trustee violated the court's order.

The Trustee does not challenge the bankruptcy court's finding that the Trustee lied to the court. Nothing in the record suggests the finding was clearly erroneous. To the contrary, the evidence was clear and convincing. Only after they had filed their motion to compel (and served it by facsimile and U.S. mail) did the Herbst defendants receive the Trustee's amended discovery responses. The Herbst defendants received them from UPS via "next day air." According to the UPS tracking report, the discovery was tendered to UPS on May 11, 2004 and was delivered to the Herbst defendants on May 12, 2004. According to the certificate of service (signed by the Trustee's counsel), however, the discovery was served on May 7, 2004 by U.S. Mail. The Trustee's counsel later stated (in a pleading) to the bankruptcy court that the discovery was served on May 7, 2004 by UPS. Based on these facts, the bankruptcy court's conclusion that the Trustee lied to the court was not clearly erroneous.

> 2. *Judge Black did not abuse his discretion in selecting dismissal as the appropriate sanction.*

This Court agrees with the bankruptcy court that the Trustee's conduct was deplorable and cannot say the bankruptcy court abused its discretion in imposing the sanction of dismissal. The bankruptcy court implicitly concluded that the Trustee's conduct was contumacious: the court labeled the conduct "deplorable," concluded that the Trustee had lied to the court and reprimanded the Trustee for his insubordinate refusal to respond fully to the discovery requests despite (a) a court order and (b) an admonition to comply if he wanted his case to get to trial. Under these circumstances, the bankruptcy court did not abuse its discretion.

In *Golant*, the Seventh Circuit affirmed a sanctions order entered by the bankruptcy court. *Golant*, 239 F.3d 931. After twice ordering Golant to respond to discovery requests and once

reminding Golant that he had ethical obligations to the court, the bankruptcy court entered a default order as a sanction for violating discovery orders. The Seventh Circuit affirmed, stating that its panel "fail[ed] to see how the bankruptcy court could have come to any other conclusion." *Id.* at 937. That the Trustee violated just one court order (as opposed to the two orders violated in *Golant*) does not mean the bankruptcy court was too harsh on the Trustee. This Court is not aware of any rule that says a litigant may violate one court order with impunity and without tough consequences. In any case, the conduct in this case is more egregious than that in *Golant* because the bankruptcy court explicitly concluded that the Trustee's counsel lied to the court (a finding this Court has already found not to be clearly erroneous).

This Court is no less fond of veracity than is the bankruptcy court, and it will not enter an order condoning the Trustee's or its lawyer's conduct before the bankruptcy court. The bankruptcy court did not abuse its discretion in selecting dismissal as a sanction, and its August 5, 2004 decision is affirmed.

IV. **Conclusion**

For the reasons set forth above, the Court affirms the decision of the bankruptcy court.

ENTER:

George M. Marovich
United States District Judge

DATED: 5/11/05